**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA,

                            Plaintiff,

    v.

JOSE ALDAHIR LOPEZ-ISIDRO (2),

                         Defendant.

Case No.:  19-cr-00326-DMS

**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE AND MOTIONS TO COMPEL**

**[ECF Nos. 78–80]**

Pending before the Court are Defendant's motion to reduce sentence pursuant to the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), and U.S.S.G. Amendment 814 and motions to compel the Government to produce Defendant's post-rehabilitation documents and medical records.  (ECF Nos. 78–80.)  Defendant is proceeding pro per.  (*See* ECF No. 85 (Federal Defenders concluding "the Court can decide on the existing record without further assistance of counsel").)  The Government responded to the motions.  (ECF Nos. 86–87.)  For the following reasons, Defendant's motions are denied.

## I.    BACKGROUND

Defendant pled guilty to international conspiracy to distribute cocaine and conspiracy to possess with intent to distribute cocaine on board a vessel.  (ECF No. 86, at 2.)  In June 2023, Defendant was sentenced to 121 months' custody.  (*Id.*)  He has served

just over seven years and has an estimated release date of June 14, 2027.  (*Id.* at 2, 6.) Defendant is currently 35 years old.  (*Id.* at 2; *see* ECF No. 78, at 5.)  Defendant requests that this Court reduce his sentence to what it "deems proper" and to modify to the "strictest conditions" of supervised release.  (ECF No. 78, at 1.)

## II.    MOTION TO REDUCE SENTENCE

In general, a court may not modify a sentence of incarceration once it has been imposed, unless expressly permitted by Federal Rule of Criminal Procedure 35 or by statute.  *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003).  The FSA is such a statute.  *See* Pub L. 115-391, 132 Stat. 5194, 5239 (2018).  The FSA, in part, amended 18 U.S.C. § 3582(c)(1)(A)(i) to allow a defendant to move a district court for compassionate release after exhausting remedies with the Bureau of Prison ("BOP").

The FSA allows a district court to modify a sentence and grant compassionate release if it finds "extraordinary and compelling reasons" warrant such a reduction, the reduction is consistent with applicable policy statements issued by the United States Sentencing Commission, and the reduction complies with the sentencing factors set forth in 18 U.S.C. § 3553(a).  *See* 18 U.S.C. § 3582(c)(1)(A)(i).  One such relevant policy statement is U.S.S.G. § 1B1.13, which may inform but does not bind a district court's act of discretion for a defendant's motion to reduce sentence.  *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).  A defendant bears the burden of establishing that he is eligible for a sentence reduction.  *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

### A. Exhaustion of Administrative Rights

A defendant may seek compassionate relief from a court "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A)(i). Put differently, administrative "[e]xhaustion occurs when the BOP denies a defendant's application or lets thirty days pass without responding to it."  *United States v. Mondaca*, No. 89-cr-0655, 2020 WL 1029024, at *2 (S.D. Cal. Mar. 3, 2020) (citations omitted).

19-cr-00326-DMS

Here, Defendant states that he "exhausted his administrative remedies," but does not provide the Court with any facts to prove so. (ECF No. 78, at 2.) The Government states that BOP records show Defendant has not applied for any administrative remedies. (ECF No. 86, at 5.) Therefore, the Court **DENIES** Defendant's motion for failure to exhaust all administrative remedies.

### B. Extraordinary and Compelling Reasons

Even if Defendant had satisfied the administrative exhaustion requirement, his case does not meet the requirements for compassionate release.

First, Defendant states that he has "certain medical conditions" that warrant a reduced sentence. (ECF No. 78, at 2, 3.) However, Defendant does not tell the Court what his specific medical conditions are or why these conditions justify compassionate release. He does not state whether he suffers from a terminal illness, "serious physical or medical condition," "serious function or cognitive impairment," or "deteriorating physical or mental health because of the aging process." U.S.S.G. § 1B1.13(b)(1)(A), (B). Nor does Defendant show that he has a medical condition that requires "long-term or specialized medical care that is not being provided and without which [he] is at risk of serious deterioration in health or death." *Id.* § 1B1.13(b)(1)(C). Further, the Government states Defendant's medical ailments include eczema on the face and scalp, dry skin, and a dental procedure, and Defendant is "receiving acceptable medical care." (ECF No. 86, at 6.) Thus, none of the medical circumstances under U.S.S.G. § 1B1.13(b)(1) apply. While these ailments are unfortunate, there is insufficient evidence that they warrant a reduction in Defendant's sentence.

Next, Defendant argues for "any other circumstances or combination of circumstances that when considered by themselves or together with any of the first four categories, are similar in gravity to the circumstanced described in those four categories." U.S.S.G. § 1B1.13(b)(5). The first four categories are medical circumstances, the age of the defendant, family circumstances, and for victims of abuse. *Id.* § 1B1.13(b)(1)–(4). As explained above, Defendant does not show that his medical conditions warrant

3

19-cr-00326-DMS

compassionate release.  Further, Defendant is 35 years old, whereas the circumstance for age requires a defendant to be 65 years old.  U.S.S.G. § 1B1.13(b)(2).  Defendant also does not argue or provide facts that his family circumstances warrant compassionate release or that he is a victim of abuse.  *See id.* § 1B1.13(b)(3)–(4).

Lastly, Defendant argues for a sentence reduction because of "a change in the law" when a defendant "received an unusually long sentence and has served at least 10 years" of his imprisonment.  U.S.S.G. § 1B1.13(b)(6).  However, the Government correctly argues that Defendant has served just over seven years of his 121 month sentence, which means this circumstance also does not apply.

For these reasons, Defendant has not established "extraordinary and compelling reasons" consistent with applicable policy statements issued by the Sentencing Commission for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).[1]

### III.    MOTIONS TO COMPEL

Defendant also moves to compel the Government to produce his post-rehabilitation documents and medical records.  (ECF Nos. 79–80.)  The Government states that the BOP provided the requested documents to Defendant's counsel on February 26, 2026, prior to the Federal Defendants determining Defendant did not need further assistance of counsel. (ECF No. 87, at 1.)  Because Defendant received the documents, the Court denies the motions to compel as moot.

### IV.    CONCLUSION

Based on the foregoing, Defendant's motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is **DENIED** without prejudice.  His motions to compel the production of documents is **DENIED** as moot.

---

[1] Defendant also asks for leave to allow for his family members and friends to submit letters on his behalf. The Court finds that such letters will not cure the issues explained in this Order and are therefore unnecessary at this time.  Thus, the Court denies Defendant's request.  However, if Defendant refiles a motion to reduce his sentence, he may submit any evidence he feels important to include, including letters from his loved ones.

4

19-cr-00326-DMS

**IT IS SO ORDERED.**

Dated:  April 24, 2026

Hon. Dana M. Sabraw
United States District Judge

19-cr-00326-DMS